

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MACCOLL<br><br>    Defendant. | Case:2:18-cr-20551<br>Judge: Friedman, Bernard A.<br>MJ: Whalen, R. Steven<br>Filed: 08-09-2018 At 11:54 AM<br>INFO USA v. MacCOLL (EK) |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. UBS Financial Services (UBS) based in Birmingham, Michigan is a branch of UBS Investment Bank, a global firm that provides its clients with advice, expertise, and opportunities needed to protect and grow their wealth.

2. Defendant John Maccoll was employed by UBS as a Financial Advisor in its Birmingham, Michigan office. As such, Maccoll had continuous direct contact with UBS clients who desired to invest their assets with the firm.

3. All dates in this Information are alleged to have occurred "on or about" the date stated.

## COUNT ONE
*18 U.S.C. § 1343*
*(Wire Fraud)*

4. The allegations set forth in Paragraphs 1 to 3 of this Information are incorporated herein as if set forth in full.

5. From April 2010 until March 2018, in the Eastern District of Michigan, Southern Division, defendant John Maccoll devised and executed a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations from multiple USB clients, and for the purpose of executing and attempting to execute the scheme did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals and sounds, as follows.

6. Defendant John Maccoll advised some of his clients at UBS to wire transfer money or write checks to his personal accounts in order to take advantage of investment vehicles which were not available through UBS. Subsequently, Maccoll would falsely tell the clients who sent money to his personal accounts that the funds they "invested" in were performing well and that they should send more money.

7. Instead of investing the clients' funds sent to his personal account, Maccoll converted these funds to his personal use.

2

8. When clients pressed Maccoll for documentation regarding these nonexistent investments, he sent them fraudulent statements which he created.

9. To further his scheme, Maccoll conducted the majority of telephone calls to the defrauded clients on his personal cell phone, so that there was no way for UBS to monitor his activities.

10. More than a dozen individuals who sought advice from Maccoll through UBS became victims of his scheme. It is estimated that these victims lost over $3,700,000 during the period from April 2010 until March 2018.

11. The check deposits and bank wires to Maccoll's personal accounts, as well as his communication with his clients in furtherance of the above scheme, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals and sounds.

12. All in violation of 18 U.S.C. § 1343.

**Forfeiture Allegations**

13. Pursuant to Fed.R.Cr.P. 32.2(a), the government hereby provides notice to the defendant of its intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto; all property that facilitated the commission of the violations alleged, or property traceable thereto; and all property involved in, or property traceable thereto, of the violations set forth in this Information.

        Matthew Schneider
        United States Attorney

        */s/ John K. Neal*
        John K. Neal
        Assistant U.S. Attorney
        Chief, White Collar Crime Unit

        */s/*
        Abed Hammoud
        Assistant U.S. Attorney

Dated: August 8, 2018


**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov**(er) | Case:2:18-cr-20551<br>Judge: Friedman, Bernard A.<br>MJ: Whalen, R. Steven<br>Filed: 08-09-2018 At 11:54 AM<br>INFO USA v. MacCOLL (EK) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl(ete)

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes ☒ No | AUSA's Initials: _____ |

**Case Title:** USA v. John MacColl

**County where offense occurred:** Oakland

**Check One:** ☒ Felony    ☐ Misdemeanor    ☐ Petty

   ____Indictment/ ✓ Information --- **no** prior complaint.
   ____Indictment/____Information --- based upon prior complaint [**Case number:**               ]
   ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

8-9-18
Date

Abed Hammoud
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone:(313) 226-9524
Fax:    (313) 226-9678
E-Mail address: Abed.Hammoud@usdoj.gov
Attorney Bar #: P54908

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.